AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

3296 E. 7th Avenue, Apartment C, Columbus, Ohio 43219

Case No. 2:17 mj 726

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

3296 E. 7th Avenue Columbus, Ohio 43219

located in the _____ Southern _____ District of _____ Ohio _____, there is now concealed *(identify the person or describe the property to be seized)*:

Narcotics, Narcotics proceeds, and any records, receipts, notes, ledgers, vehicle rental receipts, money orders, airline tickets, and other records related to the receipt, and sales of narcotics. See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841 | Possession with Intent to Distribute a Controlled Substance. |
| 21 U.S.C. 846 | Conspiracy to Possess with Intent to Distribute a Controlled Substance |

The application is based on these facts:

See Attached Affidavit.

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____ # 2542
Applicant's signature

SAMUEL CHAPPELL ATF TFO CPD
Printed name and title

Sworn to before me and signed in my presence.

Date: 12/01/2017

City and state: Columbus Ohio

_____
Judge's signature

Kimberly A Jolson, US Magistrate Judge
Printed name and title

## AFFIDAVIT FOR SEARCH WARRANT

This affidavit incorporates by reference the assertions stated in the affidavit in support of the search warrant executed on December 1, 2017 at Stor All Self Storage unit #496 located at 4060 E Main St Columbus Ohio 43213 in the Southern District of Ohio.

## I.

## INTRODUCTION

1. I am a Columbus Ohio Police officer assigned as a Task Force Officer with the Bureau of Alcohol Tobacco and Firearms. The Columbus Division of Police has employed me since 2007. My responsibilities as a Task Force Officer include the investigation of violent criminal street gangs, narcotics traffickers, money launders, firearm-related crimes, an various illegal income generating schemes. I have participated in the execution of search warrants and arrests related to the above-referenced offenses.

2. I have conducted covert surveillance, interviewed numerous individuals, been a member of surveillance teams, participated in the execution of numerous state and federal search and arrest warrants involving firearm and/or illegal narcotic traffickers and violent offenders, and participated in the seizure of numerous firearms and controlled dangerous substances.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from police officers, Ohio State Highway Patrol investigators, and investigative subpoenas. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. Based on the facts set forth in this affidavit, there is probable cause to believe that inside of 3296 E 7th Ave Apt C Columbus Ohio 43219 there exists evidence of violations of

1

Title 21 U.S.C. 841, possession with the intent to distribute a controlled substance, and Title 21 U.S.C. 846 conspiracy to possess with the intent to distribute a controlled substance.

5. I have not included all of the information relevant to the investigation in this affidavit, but I do not believe that I have omitted any information that would have a tendency to defeat a showing of probable cause. To the best of my knowledge and belief, all statements made in this affidavit are true and correct.

## II.

### PURPOSE OF AFFIDAVIT

This affidavit is submitted for the limited purpose of establishing probable cause in support of an application of a warrant to search 3296 E 7th Ave Apt C Columbus Ohio 43219 therefore contains only a summary of the relevant facts. I have not included each and every fact that I, or others, have learned during the course of this investigation. The information set forth in this affidavit is based on my own participation in the investigation, information I have received from other law enforcement officials and from my other agents' analysis of documents and records relating to this investigation. As one of the case agents on this investigation, I am familiar with the investigative efforts of other agents/Columbus Police Detectives who have worked on this investigation. Further, I am familiar with the evidence gathered through the issuance of state search warrants and information provided to myself and other agents by cooperating individuals and informants.

I believe there exists sufficient probable cause that evidence of the violations: 21 U.S.C. § 841 (Possession with the intent to distribute a controlled substance) and 21 U.S.C. 846 (Conspiracy to possess with the intent to distribute a controlled substance) exists and can be found at the following location:

2

a. 3296 E 7th Ave Apt C Columbus Ohio 43219.

## III.

### ITEMS TO BE SEIZED

Narcotics, narcotics proceeds, and any records, receipts, notes, ledgers, vehicle rental receipts, negotiable instruments, currency, money orders, airline tickets, and other records and items related to the receipt, possession, sales, and conspiracy to possess with the intent to distribute, narcotics. I believe that there is probable cause to believe that the listed items will be in 3296 E 7th Ave Apt C Columbus Ohio 43219.

## IV.
## INVESTIGATION

Investigators were informed by a cooperating source (CS) that Floyd Williams and Douglas Berry both sell between 10-15 kilos of cocaine a month in the Columbus Ohio area. The CS stated that the narcotics are shipped in from California and then distributed in Columbus Ohio. The CS stated when they move narcotics they travel in convoys of two – three vehicles.

On November 30th 2017 at approximately 3:10 p.m. investigators utilizing surveillance techniques observed Douglass BERRY enter the code to enter the controlled access gate for Stor All Self Storage located at 4060 E Main St Columbus Ohio 43213 which is a multiunit storage facility. Investigator have been involved in a narcotics investigation involving BERRY and other individuals. BERRY is currently on Federal supervised release for a previous narcotics conviction. After leaving the storage unit BERRY returned to his home of 8789 Linick Dr, Reynoldsburg, Ohio 43068. A vehicle

3

commonly used by BERRY then left his home and went to 7743 Astra Circle, Reynoldsburg, Ohio.

On December 1, 2017, investigators contacted Ohio State Patrol Trooper Matt Ruth and his trained narcotics alerting K-9 Katie. Trooper Ruth deployed K-9 Katie near a shared hallway which consisted of approximately six distinct storage units at the Stor All facility at 4060 E. Main St., Columbus, Ohio 43213. Katie made an immediate positive narcotics alert on unit #496 at approximately 11:36 a.m.

On December 1, 2017 at approximately 4:02 p.m. investigators executed a search warrant on Stor All Self Storage unit 496 located at 4060 E Main St Columbus Ohio 43213. Inside investigators found two large wooden boxes with shipping labels. The labels showed that the boxes weighed 560 lbs and had been shipped from California to Columbus. Also found inside the unit were tools to open the boxes and packaging for two rolling duffel bags, one gray and one black. Investigators removed the boxes and their packaging from the storage unit and spread them apart in an open area. Officer of J Hartman of the Columbus Airport Police and her K-9 Daron arrived. Officer Hartman deployed Daron. Daron alerted to the inside of one of the empty wooden boxes.

On the morning of December 1, 2017 investigators utilized surveillance techniques and observed an individual known to investigators as Floyd WILLIAMS leaving 7743 Astra Circle at approximately 11:49 a.m. WILLIAMS left as part of a two-car convoy. WILLIAMS went to 3296 E 7th Ave Columbus Ohio 43219 at approximately 12:08 p.m. WILLIAMS exited his vehicle and entered APT C with a large grey duffle bag at

4

approximately 12:10 p.m. WILLIAMS was observed outside of the apartment at 12:13 p.m. at without the grey duffel bag but with a red bag which he threw into a dumpster. Investigators later retrieved the red bag and it contained wrappings and packaging consistent with drug trafficking (commonly known as "kilo wrappers"). Previously, on or about November 6, 2017, at a house associated with WILLIAMS, law enforcement officers located a quantity of suspected black tar heroin in a small plastic baggy, two money counting machines, and next to one of the money counting machines, a large bag of small size rubber bands commonly used to tie off small baggies used for drugs.

On December 1, 2017, investigators utilized surveillance techniques observed and identified an individual known to investigators as Wydell COBB exiting and reentering the apartment at 3296 E. 7th Ave Columbus Ohio 43219. Previously, on or about September 1st 2017, investigators executed a search warrant at 1162 Zebulon Ave Columbus Ohio 43224 as part of this investigation. Prior to the execution of the search warrant COBB arrived in a vehicle with an individual known to investigators as Chad TUBBS. Found inside the vehicle during the execution of the search warrant were a stolen handgun approximately $5,513.00 in US currency and approximately a half kilo of cocaine.

## V.
## CONCLUSION

Through my experience and my discussions with other experienced law enforcement officers, I am familiar with the ways in which narcotics traffickers conduct their business, including, but not limited to, their methods of obtaining, importing, storing and

5

distributing narcotics, conspiring with other individuals to traffic narcotics, and their methods of laundering the proceeds of their illegal activities. I am familiar with the methods, schemes, and operations used by major narcotics traffickers and know:

a. It is my experience that narcotics traffickers routinely store and move narcotics and associated indicia of narcotics trafficking between residential locations and commercially paid storage facilities in the names of fictitious individuals and real individuals with falsely listed addresses.

b. It is my experience that narcotics traffickers routinely enlist other individuals to assist in the distribution of narcotics and frequently discard narcotics paraphernalia and wrappings near the locations where narcotics are stored.

c. It is my experience that currency transactions that are conducted enable drug traffickers to invest the cash proceeds of their illicit businesses into an asset, thereby legitimizing the currency.

d. That narcotics traffickers are known to trade drugs for items of monetary value;

e. That some narcotics traffickers conduct various transactions, including the purchase of vehicles and real estate, in order to create an appearance that their income is derived from legitimate sources.

f. That narcotics traffickers must maintain, on hand, large amounts of United States currency in order to maintain and finance their ongoing narcotics trafficking business;

6

g. That narcotics traffickers maintain books, records, receipts, notes, ledgers, and other papers relating to the sale of controlled substances, firearms, and the purchases of assets, including vehicles and real estate and other financial instruments;

h. That the aforementioned books, records, receipts, notes, ledgers, etc., are commonly maintained where the narcotics traffickers have ready access to them, i.e., homes, businesses, and automobiles.

i. That it is common for narcotics traffickers to secrete contraband, proceeds of narcotics sales, and records of narcotics transactions, sources, and customers, in secure locations within their residences, businesses, garages, storage buildings, and safety deposit boxes for ready access, and also to conceal such items from law enforcement authorities;

j. That persons involved in such trafficking and laundering conceal caches of firearms, narcotics, large amounts of currency, financial instruments, precious metals, jewelry, other items of value and/or proceeds of drug transactions, and evidence of financial transactions relating to obtaining, transferring, secreting, or spending large sums of money made from engaging in narcotics trafficking activities, in their residences, businesses, garages, storage buildings, automobiles, and safety deposit boxes;

k. That narcotics traffickers commonly maintain addresses or telephone numbers in books, papers, pagers, or cellular phones (and often have multiple cellular phones and pagers) which reflect names, addresses, and/or telephone numbers for their associates in the trafficking

organization, even if said items may be in code;

l. That narcotics traffickers frequently take, or cause to be taken, photographs of themselves, their associates, their property, and their product, and that these traffickers usually maintain these photographs in their residences, businesses, and automobiles;

m. That when narcotics traffickers amass large monetary proceeds from the sale of narcotics, they attempt to legitimize these profits by utilizing foreign and domestic banks and their attendant services, including securities, cashier's checks, money drafts, letters of credit, brokerage houses, real estate, shell corporations, business fronts and other methods;

n. That narcotics traffickers sometimes store documents and records relating to their narcotics suppliers, customers, money, and assets on computer hardware and software, the contents of which frequently yield evidence of trafficking and money laundering crimes;

o. That courts have recognized that unexplained wealth is probative evidence of criminal activity in which transactions involving large amounts of cash and high profit margins are common, including trafficking in controlled substances;

p. That it is common for narcotics traffickers and money launderers to conceal and store items related to their narcotics trafficking and money laundering within safes, footlockers, boxes, containers and other hidden compartments, and within places that they own or over which they exercise control such as residences, businesses, and automobiles.

q. Individuals who possess narcotics store them and associated acquisition/disposition documents at their residences, businesses, and/or in their vehicles;

In view of the above mentioned facts and my training and experience in the investigation of narcotics and financial crimes, I have probable cause to believe that contained at 3296 E 7th Ave Apt C Columbus Ohio 43219 is evidence of:

a. 21 U.S.C. § 841 Possession with intent to distribute a controlled substance.
b. 21 U.S.C. § 846 Conspiracy to Possess with Intent to Distribute a Controlled Substance

Accordingly, I respectfully request that the Court issue the following:

(a) A Search Warrant for 3296 E 7th Ave Apt C Columbus Ohio 43219.

(b) Authority to execute the Search Warrant at any time of day that law enforcement deems necessary.

(c) An Order sealing the Application, Affidavit, and Search Warrant until further Order of this Court.

FURTHER AFFIANT SAYETH NAUGHT

_____ #25412
ATF Task Force Officer
Samuel Chappell

Sworn to before me, and subscribed in my presence, on this ___1st___ day of December 2017, at Columbus, Ohio.

_____
The Honorable Kimberly A. Jolson
United States Magistrate Judge
Southern District of Ohio

9

## ATTACHMENT A

### Premises to be Searched

The premise to be searched is 3296 E 7th Ave Apt C Columbus Ohio 43219. The unit is" is clearly marked with "C" beside the front door. The front door is green.

10



## ATTACHMENT B

### Items to be Seized

1. All records and other documents related to the possession, storage, sale, and delivery of illegal controlled substances.

2. Books, records, receipts, notes, ledgers, or electronic data relating in any way to the possession, storage, sale, and delivery of illegal controlled substances.

3. Cash, currency, stored value cards, cashier's checks, and records relating to income and expenditures of money and wealth from illegal controlled substances, to wit, money order, wire transfer and cashier's check receipts, and bank statements, passbooks, checkbooks, check registers, safe deposit boxes and storage units and associated keys and records of such ownership, stored value cards and access devices, and safes and associated keys and records of such ownership.

4. Indicia of occupancy, residency, and ownership or use of the use of the subject premises, including, but not limited to, purchase or lease agreements, identification documents, and keys.

5. Address and/or telephone books, rolodex indicia, electronic organizers, telephone paging devices and the memory thereof and any papers, records or electronic data reflecting names, addresses, telephone numbers, and social media monikers of sources of drug supply or drug customers.

6. Controlled substances and drug paraphernalia, including chemical dilutants, firearms and other weapons, ammunition, weighing scales, mixing bowls, glassine bags, spoons, and other items utilized in the weighing and packaging of illegal controlled substances.

7. Computers, tablets, external electronic storage media (such as external hard drives and computer disks) and other associated equipment and accessories necessary to examine and record data stored in said computers and storage media (such as monitors, printers, external drives, and other peripherals) associated with tracking the possession, storage, sale, and delivery of illegal controlled substances.

8. Cell phones or purchase receipts for such items.

9. Photographs of known targets including BERRY, WILLIAMS, and COBB.

All of which constitute fruits, evidence and/or instrumentalities of violations of Title 21, United States Code, Sections 841 and 846.